IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

KENNETH J. GUYTON,      )
           )
     Petitioner,     )
           )
           )     6:18-cv-08035-LSC
           )     (6:17-cr-00026-LSC-SGC-1)
UNITED STATES OF AMERICA,  )
           )
     Respondent.    )

**MEMORANDUM OF OPINION**

## I.    Introduction

Petitioner Kenneth J. Guyton ("Guyton") has filed with the Clerk of this Court a motion to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255, as well as a brief in support thereof. (Docs. 1 & 2.) The Government has responded in opposition to his motion. (Doc. 6.) Guyton then filed what he styled a "Motion for Summary Judgment" in further support of his claims. (Doc. 7.) For the reasons set forth below, the § 2255 motion is due to be denied and this action dismissed without an evidentiary hearing.[1]

---

[1]    Guyton also requests, in his criminal proceeding, that a copy of his change of plea and sentencing transcripts be provided to him without charge to assist him in "prosecuting" his §

1

## II.    Background

On January 6, 2016, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), working with investigators from Alabama's 24th Judicial Circuit Drug Task Force, conducted a controlled purchase of drugs from Guyton and co-defendant Joel Tucker ("Tucker"). A cooperating witness spoke with Tucker over the phone and agreed to meet at a residence in Fayette County, Alabama, to conduct the purchase. Tucker and Guyton arrived at the residence. Guyton carried a shotgun into the residence, and the three discussed the sale of methamphetamine. Tucker and Guyton provided the witness with approximately six grams of methamphetamine and the shotgun in exchange for $380 in cash. Tucker and Guyton discussed providing the witness with additional drugs later so that Guyton could reclaim the shotgun.[2]

On January 25, 2017, Guyton was charged in an indictment with one count of conspiracy to possess with the intent to distribute and to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as

2255 motion. (Doc. 56 in *United States v. Guyton*, 6:17-cr-00026-LSC-SGC-1). By statute, an indigent defendant is entitled to a free transcript for use in § 2255 proceedings only where "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). For reasons explained in this opinion, the suit is frivolous and the transcripts are not needed to decide the suit. Guyton's motion for free transcripts (doc. 56) is **DENIED.**

[2]    The preceding paragraph is adapted from the facts stipulated in Guyton's plea agreement (criminal doc. 32) as well as the "offense conduct" portion of Guyton's Presentence Investigation Report ("PSR") (criminal doc. 45), to which Guyton did not object.

well as 21 U.S.C. § 846 (Count One); one count of aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Two); one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three); and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).

Guyton pled guilty pursuant to a written, signed, plea agreement on June 8, 2017. He pled guilty to Counts One, Three, and Four, and the Government agreed to dismiss Count Two.

On November 2, 2017, Guyton was sentenced to 77 months' imprisonment as to Counts One and Three, separately, to run concurrently with each other, and consecutive to 60 months imprisonment as to Count Four, for a total term of imprisonment of 137 months. Judgment was entered on November 3, 2017. Guyton did not appeal.

On November 10, 2018, Guyton signed his § 2255 motion, which was filed into the record six days later.[3]

Guyton remains in custody.

## III.    Timeliness and Non-Successiveness of the § 2255 Motion

---

[3]    The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

Since judgment on Guyton's conviction was issued on November 3, 2017, Guyton had 14 days, or until November 17, 2017, to file an appeal with the United States Court of Appeals of the Eleventh Circuit. *See* Fed. R. App. P. 4(b)(1)(A). When that date passed without a notice of appeal from Guyton, his conviction became final for purposes of the instant § 2255 motion. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Because Guyton filed this § 2255 motion within one year of the date upon which his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255 (f)(1). This is also Guyton's first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at §§ 2255(h), 2244(b)(3)(A).

## IV.    Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir.2000); *United States v. Walker*, 198 F.3d 811, 813 n. 5 (11th Cir.

1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

In litigation stemming from a § 2255 motion, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the . . . [movant's] allegations are affirmatively contradicted by the record.'" *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the Court to conduct an evidentiary hearing if, "'accept[ing] all of the . . . [movant's] alleged facts as true,'" the movant has "'allege[d] facts which, if proven, would entitle him to relief.'" *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (internal citations omitted).

## V. Discussion

Guyton seeks to have his plea agreement vacated and alleges ineffective assistance of counsel. However, the bulk of Guyton's argument is devoted to attempting to distinguish the facts of his case from what he calls the "average" § 924(c) case (*id.* at 6-10), as he argues that he did not use or carry the shotgun "in

relation" to a drug trafficking crime and that the Government's cooperating witness engaged in "sentencing factor manipulation" because the cash was "given to me by ATF agents, in order to convert the simple sale of a firearm into a § 924(c) conviction for 'using' or 'carrying' a firearm during a drug trafficking crime" (*id.* at 10-11). He also quarrels with the validity of his drug conspiracy conviction, arguing that his relationship with other parties in the case was merely a "buyer-seller relationship," not a conspiratorial one (*id.* at 14-17), and that rather than a conspiracy, it was an exchange that did "no more than support the buyer's personal drug habit."

These arguments are unsuccessful because, by pleading guilty to an indictment alleging that he conspired to possess with the intent to distribute methamphetamine and used or carried a firearm in relation to a drug trafficking crime, Guyton waived his right to contest the meaning of the material elements of those offenses or to challenge the sufficiency of the evidence that the Government would have had to prove at trial. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting *United States v. Jackson*, 659 F.2d 73, 74 (11th Cir. 1981)); *see also Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam) ("A defendant who

enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). After all, "the plea is [ ] a waiver of trial [ ], a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant . . . ." *McMann v. Richardson*, 397 U.S. 759, 767 (1970); *see also United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction.").

Because Guyton does not argue that his guilty plea was not knowing and voluntary—nor could he, as there is no indication in the record that it was not—his decision to plead guilty waived his ability to now challenge the factual or legal merits of the charges to which he pled. *See Willis*, 992 F.2d at 491 ("By pleading guilty, Willis relinquished his right to contest the meaning of 'firearm' or to challenge the sufficiency of the evidence presented as factual basis for his guilty plea."); *McMann*, 397 U.S. at 773 ("What is at stake in this phase of the case is not the integrity of the [ ] convictions obtained on guilty pleas, but whether, years later, defendants must be permitted to withdraw their pleas, which were perfectly valid

when made, and be given another choice between admitting their guilt and putting the [Government] to its proof.").

Nor does Guyton argue that this Court failed to secure a sufficient factual basis for his guilty plea to the three charges of conviction. Construing his pleadings liberally, however, if that is what Guyton intended to argue, such an argument would also fail, because this Court was presented with evidence from which it could reasonably find that Guyton was guilty. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (distinguishing *Fairchild*, *supra*, from cases in which defendants argue that there was an insufficient factual basis for their plea to certain charges, and recognizing that in the latter cases, "[t]he standard for evaluating [such a claim] is whether the district court was presented with evidence from which it could reasonably find that the defendant was guilty") (quoting *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990)). Indeed, the record amply supports the plea. As to the drug conspiracy charge, Guyton admitted to meeting with the cooperating witness to conduct a drug deal with Tucker, his co-defendant. After providing the witness with six grams of methamphetamine and a shotgun in exchange for cash, the three discussed providing additional methamphetamine later so that Guyton could reclaim the shotgun. This evidence is

clearly sufficient to support Guyton's plea of guilty to the drug conspiracy charge as well as to using or carrying a firearm "in relation" to a drug trafficking offense.

Further, while Guyton cites general principles concerning ineffective assistance of counsel, the only specific allegation he makes in that regard is to fault his counsel for "allowing him to plea[d] guilty" to the drug conspiracy charge, and presumably, to the § 924(c)(1) charge as well. (*See* doc. 2 at 14). Because this vague assertion is imbedded within the overall argument outlined above, Guyton presumably believes that counsel could have raised successful challenges to the evidence that supported the charges in the indictment. However, the Eleventh Circuit held in *Wilson* that claims of ineffective assistance of counsel concerning pre-plea issues are also waived by a defendant's voluntary and knowing guilty plea. *See* 962 F.2d at 997 (the district court did not err in dismissing the defendant's claim of ineffective assistance of counsel without conducting an evidentiary hearing, as it involved issues preceding the guilty plea and was not about the decision to plead guilty itself). In *Crumpton v. United States*, a case in which the § 2255 petitioner claimed that his counsel was ineffective for failing to challenge the voluntariness of his statement to law enforcement officers and for failing to supplement a suppression motion with additional information alleging that he did not waive his *Miranda* rights before talking to law enforcement, the district court

relied upon *Wilson* in ruling as follows: "By his knowing and voluntary guilty plea, Crumpton waived his claims of ineffective assistance of counsel as to all pre-plea issues . . . ." 2010 WL 3938161, at *8 (M.D. Ala. Sept. 14, 2010) (citing *Wilson*, 962 F.2d at 997). Similarly here, insofar as Guyton's claim that his counsel provided ineffective assistance does not appear to be in reference to any advice regarding his decision to plead guilty itself, but rather, that there were challenges to the validity of his convictions that could have been raised, such a claim is waived by his decision to plead guilty to the charges alleged in the indictment.

Assuming, however, that Guyton's claim of ineffective assistance of counsel was not waived by his decision to plead guilty, it is nevertheless without merit. To prevail on a claim of ineffective assistance of counsel, one must show that (1) "counsel's performance was deficient," i.e., it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court presumes that Guyton's counsel acted reasonably. *Strickland*, 466 U.S. at 690; *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999) ("[W]here the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment."). To overcome that presumption, Guyton "must identify the acts or omissions of counsel that are

alleged not to have been the result of reasonable professional judgment."
*Strickland*, 466 U.S. at 690. Conclusory or unsupported allegations cannot support an ineffectiveness of counsel claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (finding "unsupported allegations, conclusory in nature and lacking factual substantiation" to be an insufficient basis for relief); *see also Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc) ("An ambiguous or silent record is not sufficient to disprove the strong and continuing [*Strickland*] presumption.").

The presumption of reasonableness extends to the guilty plea context: "We recognize that in deciding whether to enter a plea, defense lawyers carefully balance both 'opportunities and risks' without fully knowing the strength of the [Government]'s case. Therefore, we must, as we do for all *Strickland* claims, afford 'substantial deference' to a lawyer's strategic choices." *Arvelo v. Sec., Fla. Dept. of Corrs.*, 788 F3d 1345, 1348-49 (11th Cir. 2015) (quoting *Premo v. Moore*, 562 U.S. 115, 124, 126 (2011)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. The defendant must show no

competent counsel would have taken the action that his counsel took. *Chandler*, 218 F.3d at 1315.

If counsel's performance is found to be constitutionally deficient, the movant must also prove prejudice. To succeed with regard to this prong of the analysis, the movant must establish "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish prejudice in the context of a guilty plea, a movant must establish that, but for his counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 53, 59 (1985). The Court need not reach the performance prong if it is convinced that the prejudice prong has not been met. *Boyd v. Allen*, 592 F.3d 1274, 1293 (11th Cir. 2010).

Guyton has not established either prong of the *Strickland* analysis. First, Guyton offers no evidence in support of his claim that ineffective assistance was to blame for his decision to plead guilty. The stipulated facts of his case provide a basis supporting his knowing and voluntary plea. There is no indication in the record that his guilty plea was anything other than knowing and voluntary.

Despite the arguments Guyton raises now, he cannot show that no competent counsel would have advised him to plead guilty in light of these facts and the prevailing law. As to the drug conspiracy charge, Guyton admittedly met with the cooperating witness to conduct a drug deal with Tucker, his co-defendant. After providing the witness with six grams of methamphetamine and a shotgun in exchange for cash, the three discussed providing additional methamphetamine later so that Guyton could reclaim the shotgun. Guyton cannot show that no competent counsel would believe that these facts would constitute an "agreement by two or more persons to commit an unlawful act" in violation of drug conspiracy law. *See also United States v. Guerra*, 1293 F.3d 1279, 1285 (11th Cir. 2002) ("The existence of a conspiracy may be proved by circumstantial evidence and may be inferred from concert of action."). Likewise, Guyton cannot show that no competent counsel would believe that these facts would support a conviction for carrying a firearm in furtherance of a drug crime. *See, e.g., United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002) (selling a handgun and drugs, both of which the defendant hand carried, amounted to "carrying" a firearm "in relation to" a drug crime). Guyton has failed to show that ineffective assistance of counsel caused him to plead guilty to each of these offenses.

## VI. Conclusion

For the foregoing reasons, Guyton's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Guyton's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON JULY 29, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704