## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **KENNETH J GUYTON,** | ] | |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 6:18-cv-8035-ACA** |
| | ] | |
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Respondent.** | ] | |

## MEMORANDUM OPINION AND ORDER

Kenneth Guyton moves to reconsider the court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 10). The court **GRANTS IN PART** and **DISMISSES IN PART** the motion to reconsider. On reconsideration, the court considers Mr. Guyton's § 2255 motion in light of the reply he would have filed had he been given the opportunity to do so. The reply seeks leave to amend the § 2255 motion. The court **DENIES** leave to amend as futile. Finally, the court **WILL DENY** the § 2255 motion on the merits.

Mr. Guyton pleaded guilty to conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Guyton*, No. 17-cr-26, doc. 47 at 1 (N.D. Ala. Nov. 3, 2017).[1] In November 2018, Mr. Guyton filed a § 2255 motion challenging his convictions and sentences. (Doc. 1 at 4–5; doc. 2). In response to the court's order to show cause, the government requested that the court summarily deny the § 2255 motion on the merits. (Doc. 6).

In June 2019, Mr. Guyton filed a document he called a "motion for summary judgment," in which he stated that the government had not responded to the court's order to show cause and briefly reiterated his claims. (Doc. 7 at 3). In July 2019, the court denied Mr. Guyton's § 2255 motion without addressing Mr. Guyton's assertion that he had not received the government's response. (Docs. 8–9). In August 2019, Mr. Guyton moved for reconsideration of that denial, asserting that the court had failed to give him an opportunity to reply to the government's response. (Doc. 10 at 1–3). The case was reassigned to the undersigned in December 2025.

### 1. Jurisdiction

The first question this court must address is whether it has jurisdiction over this post-judgment motion. The district court lacks jurisdiction over a second or successive § 2255 motion unless the court of appeals enters "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see id.*

---

[1] The court cites documents from Mr. Guyton's criminal proceeding as "*Guyton* doc. __."

§ 2255(h). And "[a]ny filing that seeks to revisit the federal court's denial on the merits of a habeas claim (besides a timely motion for reconsideration) presented in an earlier habeas petition is a second or successive application for habeas corpus relief—no matter what the prisoner labels it." *Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1239 (11th Cir. 2024) (quotation marks omitted). The Eleventh Circuit has not entered an order authorizing the court to consider a second or successive motion from Mr. Guyton. On review of Mr. Guyton's motion for reconsideration, the court concludes that it is, in part, an impermissible second or successive motion and it is in part a permissible motion for reconsideration.

In his motion, Mr. Guyton argues that the court deprived him of an opportunity to file a reply to the government's response. (Doc. 10 at 1–3). This is an alleged procedural error, not a challenge to the court's evaluation of his claims. (*See id.*). It is therefore a permissible motion for reconsideration. And Mr. Guyton is correct: the court failed to give him an opportunity to file a reply. The court did not set a deadline by which Mr. Guyton could file a reply, as required by the Rules Governing Section 2255 Proceedings. Rules Governing § 2255 Proceedings, Rule 5(d) ("The moving party may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule."). It appears the court's failure to do so was because it believed Mr. Guyton's "motion for summary judgment" was his reply. (*See* doc. 8 at 1) ("The Government

3

has responded in opposition to his motion. Guyton then filed what he styled as 'Motion for Summary Judgment' in further support of his claims.") (citation omitted). But Mr. Guyton's "motion for summary judgment" clearly stated that he had not received the government's response (doc. 7 at 3), and therefore could not have been considered a reply to that response. The court is satisfied that Mr. Guyton did not have an opportunity to review the government's response and file a reply before the court denied his § 2255 motion. The court therefore **GRANTS** the motion for reconsideration with respect to any arguments Mr. Guyton could have asserted in a reply brief.

After concluding his argument about the alleged procedural error, Mr. Guyton sets out what he would have argued in a reply brief. (*See* doc. 10 at 3–11). For the most part, those arguments are also permissible as an example of what he would have provided to the court if he had received an opportunity to file a reply. Accordingly, the court has jurisdiction over the parts of Mr. Guyton's reconsideration motion that raise the procedural error and the arguments he would have presented if he had been given an opportunity to file a reply brief. But Mr. Guyton also includes a challenge to the court's ruling based on a decision issued by the Eleventh Circuit after the court denied his § 2255 motion. (*See id.* at 7). That is a challenge to the court's resolution of a claim that amounts to a claim for relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) ("A [Federal Rule of Civil

4

Procedure 60(b)] motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.") (footnote and emphasis omitted). Because the Eleventh Circuit has not granted Mr. Guyton permission to file a second or successive § 2255 motion to bring that claim, the court lacks jurisdiction over it. Accordingly, the court **DISMISSES** the part of the reconsideration motion seeking to add that claim for lack of jurisdiction.

2. The § 2255 Motion

To understand Mr. Guyton's § 2255 motion and the reply, the court must briefly revisit the facts he admitted when he pleaded guilty. At the direction of agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), a confidential informant set up a controlled buy of narcotics from Mr. Guyton and Joel Tucker. (*Guyton* doc. 32 at 3–4). Mr. Guyton and Mr. Tucker sold more than six grams of methamphetamine and Mr. Guyton's shotgun to the confidential informant in exchange for $380. (*Id.* at 4). They also discussed selling the confidential informant more drugs later so that Mr. Guyton could recover his shotgun. (*Id.*). Mr. Guyton pleaded guilty to conspiracy to distribute and possess with intent to distribute five grams or more of methamphetamine, in violation of §§ 846, 841(a),

being a felon in possession of a firearm, in violation of § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c). (*Guyton* doc. 47 at 1).

Mr. Guyton made three claims in his § 2255 motion: (1) counsel was ineffective for allowing him to plead guilty (doc. 1 at 4–5; doc. 2 at 14); (2) the government engaged in sentencing factor manipulation by having the confidential informant persuade Mr. Guyton to sell drugs in addition to the firearm (doc. 1 at 4–5; doc. 2 at 10–14); and (3) there was an insufficient factual basis for his conspiracy and § 924(c) convictions (doc. 1 at 4–5; doc. 2 at 6–10, 14–17). The government responded that Mr. Guyton waived these claims by pleading guilty and that he had not alleged either deficient performance or prejudice in connection with his claim of ineffective assistance. (Doc. 6 at 3–7). In his reply, Mr. Guyton contends that: (1) his § 922(g) conviction is unconstitutional under *Rehaif v. United States*, 588 U.S. 225 (2019); (2) his attorney failed to file an appeal on his behalf; (3) his appeal waiver did not bar his claims; (4) the factual bases for his plea to the conspiracy and § 924(c) charges were insufficient; and(5) the government engaged in sentencing factor manipulation. (Doc. 10 at 3–11).

### a. Rehaif

Mr. Guyton's § 2255 motion did not mention *Rehaif*. (Doc. 1). This makes sense, because the Supreme Court did not decide that decision until June 2019,

shortly after Mr. Guyton filed his "motion for summary judgment." (Doc. 7); *see Rehaif*, 588 U.S. at 225. In *Rehaif*, the Supreme Court held that to prove a defendant violated § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237.

Mr. Guyton now declares under penalty of perjury that on July 1, 2019, he wrote to the court asking to "supplement" his § 2255 motion in light of *Rehaif*. (Doc. 10 at 3, 14–15). The docket sheet does not reflect any such filing, but Mr. Guyton included a copy of the motion with his reply. (*See* doc. 10 at 13). In it, he asked the court for permission to amend his § 2255 motion to bring a *Rehaif* claim because he was convicted of an offense under § 922(g). (*Id.*). The court therefore construes this part of the reply as a motion to amend the § 2255 motion to bring a *Rehaif* claim.

Under Federal Rule of Civil Procedure 15, the court should grant leave to amend absent a reason like futility of the amendment. *See* Fed. R. Civ. P. 15(a); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) (applying Rule 15(a) in the context of § 2255); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend]

sought should, as the rules require, be freely given.") (quotation marks omitted). Here, the court concludes that futility bars amendment.

A § 2255 movant must allege "the facts supporting each ground." Rules Governing Section 2255 Proceedings, Rule 2(b)(2); *cf. Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding, in the context of 28 U.S.C. § 2254, that a petitioner must "make allegations which, if true, would entitle him to relief"). Neither Mr. Guyton's reply nor the unreceived motion to amend provides any allegations that, if true, would entitle him to relief; all he has provided is a citation to and discussion of *Rehaif*. (*See* doc. 10 at 3–5, 13). He does not, for example, allege that he was unaware he was a felon when he possessed the gun. (*See id.*). Accordingly, the court **DENIES** the motion to amend because amendment would be futile.

### b. Failure of Attorney to File Appeal

Mr. Guyton's reply alleges that he asked his trial attorney to file a notice of appeal challenging his conspiracy and § 924(c) convictions, but his attorney told him that he could not appeal because of the appeal waiver contained in the plea agreement. (Doc. 10 at 6). In an attachment, Mr. Guyton swears under penalty of perjury that his "attorney told [him he] could not appeal because of [his] plea and issues (raised in [his] 2255) were meritless. [The attorney] refused to file [an] appeal." (Doc. 10 at 14).

8

As with the *Rehaif* issue, the court construes this part of the reply as a motion to amend. Unlike the *Rehaif* claim, Mr. Guyton has included the precise factual basis for the claim. But amendment is nevertheless futile because Mr. Guyton's claim is untimely and does not relate back to his initial § 2255 motion.

Mr. Guyton's conviction became final on November 17, 2017, when he failed to file an appeal of his convictions. (*See* doc. 8 at 4). He therefore had until November 17, 2018, to file any claims under § 2255. *See* 28 U.S.C. § 2255(f)(1). Although he filed his § 2255 motion several days before that deadline (*see* doc. 1 at 11), he did not file his motion to amend to assert this new claim until August 2019 (doc. 10 at 11), well after the statute of limitations had expired. The claim is therefore time-barred unless it relates back to the § 2255 motion under Federal Rule of Civil Procedure 15(c). *See Davenport v. United States*, 217 F.3d 1341, 1345 (11th Cir. 2000).

Rule 15(c) provides that an amendment relates back if "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[F]or an untimely § 2255 claim to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport*, 217 F.3d at 1344 (quotation marks omitted). The untimely claim must, instead, arise "from the same

set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.* (quotation marks omitted).

Mr. Guyton's initial § 2255 provides no facts about what actions his attorney took or did not take. (*See generally* docs. 1, 2). Indeed, the only statements about his attorney's actions are conclusory assertions that (1) "his attorney was ineffective for allowing him to plead guilty to conspiracy, when only a buyer-seller relationship existed" (doc. 2 at 14); and (2) his "attorney was ineffective for not raising the claim," without an explanation of what "claim" he is referencing (doc. 1 at 9). Those allegations are entirely unrelated to any allegation about Mr. Guyton asking to appeal. Accordingly, the untimely claim that he seeks to raise in his motion to amend arises out of separate conduct than that described in his § 2255 motion and does not relate back. It is therefore time-barred, and amendment to add it would be futile. The court **DENIES** the motion to amend.

### c. *Factual Basis for Pleas*

In its response, the government argued that Mr. Guyton waived all pre-plea claims by pleading guilty. (Doc. 6 at 3). In reply, Mr. Guyton argues that a guilty plea does not waive challenges to the sufficiency of the factual basis for the plea. (Doc. 10 at 7–8). Mr. Guyton is correct. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1286–87 (11th Cir. 2015) (holding that a defendant who pleaded guilty did not waive his argument that there was an insufficient factual basis for the plea).

10

Nevertheless, as the previous court found, it is clear that Mr. Guyton's admissions supported his guilty pleas to all three charges. (*See* doc. 8 at 8–9). In particular, Mr. Guyton used the shotgun as part of the negotiations with the confidential informant about the amount of methamphetamine the informant would accept. (*See Guyton* doc. 32 at 4); *cf. Smith v. United States*, 508 U.S. 223, 240 (1993) ("Both a firearm's use as a weapon and its use as an item of barter fall within the plain language of § 924(c)(1), so long as the use occurs during and in relation to a drug trafficking offense."). Accordingly, Mr. Guyton's arguments about the factual basis supporting his pleas to the conspiracy and § 924(c) charges fail. (*See* doc. 10 at 8–11).

### e. Sentencing Factor Manipulation

Mr. Guyton alleges that the government engages in "sentencing factor" manipulation because the confidential informant withheld money the ATF agents gave him in order to manipulate Mr. Guyton into using the shotgun in connection with the drug sale. (Doc. 2 at 10–11, 13; doc. 10 at 10). The previous court acknowledged this claim but did not address it. (*See* doc. 8).

"The government engages in sentencing factor manipulation when it manipulates a sting operation to increase a defendant's sentence. Relief is warranted only when the defendant proves that the government engaged in extraordinary misconduct that was sufficiently reprehensible." *United States v. Gallardo*, 977 F.3d

11

1126, 1144 (11th Cir. 2020) (citation and quotation marks omitted). Mr. Guyton does not allege any extraordinary conduct on the government's part. (*See* doc. 2 at 10–11, 13). Mr. Guyton does not explain how the confidential informant spending less money than the ATF provided amounts to manipulation of the sting operation or made it "one transaction instead of two." (Doc. 12 at 13–14). Accordingly, this claim fails on the merits.

### f. Conclusion

Having reconsidered the court's previous decision, the court **DENIES** Mr. Guyton's motion to amend and **WILL DENY** Mr. Guyton's § 2255 motion. As the court previously set out, when denying a § 2255 motion, the court must also consider whether to grant a certificate of appealability. (Doc. 8 at 14). The court finds that none of Mr. Guyton's claims meet the standard and therefore **WILL DENY** a certificate of appealability.

The court will enter a separate final order.

**DONE** and **ORDERED** this April 21, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE